THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIVEK LAKHUMNA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UINTAH COUNTY,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [14] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00387<br><br>District Judge David Barlow |

Before the court is Defendant Uintah County's (the "County") Rule 12(b)(6) Motion to Dismiss[1] Plaintiff Vivek Lakhumna's Amended Complaint.[2]

## BACKGROUND

This case is about alleged damages arising from certain policies in force at the Uintah County Jail in 2019.[3] Mr. Lakhumna was incarcerated at the Uintah County Jail (the "Jail") between March 11, 2019, and August 30, 2019.[4] On or before April 2, 2019, the Jail posted a policy that prohibited all newspaper subscriptions under the rationale that "[p]aper products constitute an extreme fire hazard in the housing units."[5] Pursuant to this policy, Mr. Lakhumna was not permitted to subscribe to any newspapers from April 2, 2019 through the end of his confinement in the Jail.[6] Between April 3, 2019, and June 4, 2019, Mr. Lakhumna filed three

---

[1] Motion to Dismiss Amended Complaint, ECF No. 14, filed Aug. 12, 2025.
[2] Amended Compl. ("Compl."), ECF No. 11, filed Mar. 11, 2024.
[3] *See id.*
[4] *Id.* at 7–8.
[5] *Id.* at 7; Jail Newspaper Policy, "Special Mail Issues" ("Newspaper Policy"), ECF No. 11-1 at 6, filed Mar. 11, 2024.
[6] Compl. 6.

1

grievances with the Jail, protesting the newspaper policy and requesting permission to subscribe to a newspaper.[7] Each request was denied.[8] Mr. Lakhumna, acting *pro se*, later filed his Complaint, asserting a § 1983 claim based on the County's alleged violation of his First Amendment rights.[9] He alleges that, because he was unable to "keep abreast with the economic trends" by reading newspapers like the Wall Street Journal, he "lost the opportunity to increase the value of his investment portfolio."[10] He requests $10,000 in damages for potential lost investments and $250,000 in punitive damages.[11]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[14] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[15]

---

[7] *Id.* at 8; Grievance Forms and Responses ("Grievance Forms"), ECF No. 11-1, filed Mar. 11, 2024.
[8] Compl. 8.
[9] *Id.* at 3.
[10] *Id.* at 8.
[11] *Id.*
[12] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
[14] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[15] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).

Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[16] "However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[17]

## DISCUSSION

The County argues that Mr. Lakhumna's Complaint should be dismissed because it is barred by the statute of limitations, fails to plausibly allege a constitutional violation, and requests damages that are not compensable under § 1983.[18]

**Statute of Limitations**

The County first contends that Mr. Lakhumna's claims are barred by the statute of limitations.[19] For § 1983 claims, "federal law governs the accrual date of the cause of action," and "state law determines the length of the statute of limitations period."[20] State law also governs whether the applicable statute of limitations has been tolled.[21] "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the

---

[16] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).
[17] *Id*. (quoting *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir. 2002)).
[18] *See* MTD.
[19] *Id.* at 10.
[20] *Garza v. Burnett*, 2013 UT 66, ¶ 5, 321 P.3d 1104, 1105.
[21] *Chardon v. Fumero Soto*, 462 U.S. 650, 657 (1983).

injury which is the basis of his action.'"[22] Once a § 1983 claim accrues, a plaintiff in Utah has a four-year statute of limitations period in which to file that claim.[23]

In this case, Mr. Lakhumna's § 1983 claim accrued on April 2, 2019, when he became aware of the Jail's newspaper policy that allegedly infringed on his First Amendment rights.[24] Mr. Lakhumna does not argue that he was unaware of the policy until later than April 2, 2019.[25] Instead, he contends that he was required to go through the Jail's grievance process prior to filing suit and that the statute of limitations should not have begun to run until after he exhausted his administrative remedies.[26] In essence, he argues that the statute of limitations should have been tolled while he pursued administrative remedies and should not have begun running until he received his final grievance response on June 10, 2019.[27]

When an action is brought after the relevant statute of limitations expires, it is "subject to dismissal as untimely filed unless tolling applies."[28] A plaintiff whose claims fall outside the statute of limitations on the face of the complaint "has the burden of establishing a factual basis for tolling the statute."[29] Plaintiff fails to cite any Utah statute or caselaw that tolls the statute of limitations while a prisoner exhausts necessary administrative remedies. Therefore, Mr.

---

[22] *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980), cert. denied, 450 U.S. 920 (1981)).
[23] *Parker v. Bourdon*, 800 F. App'x 654, 657 (10th Cir. 2020) (unpublished) ("[W]e held that Utah's two-year statute of limitations, specially enacted to apply to § 1983 claims, was invalid. In so doing, we implicitly endorsed the otherwise applicable four-year statute of limitations."); *Garza*, 321 P.3d at 1105 ("Thus, it is clear under Utah law that a four-year statute of limitations applies to [Plaintiff's] § 1983 claim.").
[24] Compl. 7.
[25] *See generally*, Opp'n. Mr. Lakhumna also argues that his original complaint was delivered to prison authorities and should thus be deemed "filed" on June 6, 2023. Opp'n 4–5. The court does not address this claim because a June 6, 2023, filing date would not change the outcome of the statute of limitations analysis.
[26] *Id.* at 4–5.
[27] *Id.*; *see also* Grievance Forms, EFC No. 11-1 at 8–9.
[28] *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010).
[29] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 (10th Cir. 1980).

Lakhumna's argument is best interpreted as an assertion that the doctrine of equitable tolling should apply.

In Utah, equitable tolling is only warranted in "special circumstances" where "it would be truly irrational or unjust to apply a statute of limitations."[30] For example, the Utah Supreme Court in *Estes v. Tibbs* held that a pro se prisoner's incarceration and lack of access to a legal library were insufficient reasons to equitably toll the statute of limitations.[31] In fact, Utah courts almost exclusively limit equitable tolling to situations in which litigants, through no fault of their own, are unaware of their claims within the statutory time limits[32] or have their timely claims retroactively made untimely by a change in law.[33] Nether circumstance applies here.

The doctrine of equitable tolling should only be applied to "prevent the expiration of claims to litigants who, through no fault of their own, have been unable to assert their rights."[34] It should not be used "simply to rescue litigants who have inexcusably and unreasonably slept on their rights."[35] Mr. Lakhumna was aware of the newspaper policy as of April 2, 2019, and he submitted his first grievance requesting a newspaper subscription the following day.[36] His final grievance was denied on June 10, 2019, at which point his administrative remedies were exhausted and he was informed that there would be no appeal available "other than through the

---

[30] *Estes v. Tibbs*, 1999 UT 52, 979 P.2d 823, 825.
[31] *Id.*
[32] *Beaver Cnty. v. Prop. Tax Div. of Utah State Tax Comm'n*, 2006 UT 6, ¶ 32, 128 P.3d 1187, 1194 ("We have yet to hear a case in which a litigant was aware of his or her claims within the statutory time frame and nonetheless merited equitable tolling.").
[33] *Garza v. Burnett*, 2013 UT 66, ¶ 12, 321 P.3d 1104, 1107 ("[W]hen Mr. Garza filed his complaint, it was timely under then-controlling circuit precedent. . . . Refusing to equitably toll the statute of limitations under these circumstances would be manifestly unjust.").
[34] *Beaver Cnty.*, 128 P.3d at 1194.
[35] *Id.*
[36] Compl. 7; Grievance Forms EFC No. 11-1 at 2.

courts."[37] The Complaint pleads no facts that indicate why Mr. Lakhumna would have been prevented, "through no fault of [his] own," from asserting his rights during the more than three-and-a-half years between exhausting his administrative remedies and the expiration of the statute of limitations.[38] Therefore, equitable tolling does not apply in this case. The statute of limitations expired on April 2, 2023, and Mr. Lakhumna's Complaint was untimely. Because Mr. Lakhumna's claims are barred by the statute of limitations, it is not necessary to consider the County's other arguments.

## ORDER

Defendant's [14] Motion to Dismiss is hereby GRANTED, and Plaintiff's Complaint is dismissed without prejudice.

Signed October 8, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[37] Grievance Forms, EFC No. 11-1 at 8–9.
[38] *Id.*